## M. A. CLARK v. THE GERMAN SECURITY BANK.

1. JOINT STOCK COMPANY. *Transfer of stock. Charter provision.*

   The provision in the charter of a joint stock company that "all stock shall be transferable only on the books of the company" has no relation to purchasers and creditors but pertains only to the relation between the shareholders and the company.

2. ASSIGNMENT OF CERTIFICATES. *Rights of assignee. Attachment.*

   The *bona fide* assignment of certificates of stock entitles the assignee to have the transfer made upon the books of the company to his name. And this right is not affected by an attachment of the stock by creditors of the assignee before the transfer on the books has been made.

APPEAL from the Chancery Court of Warren County.

HON. WARREN COWAN, Chancellor.

The appellee is holder of certain certificates of stock in the Vicksburg Gas Company, a corporation chartered by the legislature of this State. The certificates were pledged with the appellee by Geo. M. Klein, a banker, as collaterals for money loaned Klein. Together with the certificates they hold Klein's power of attorney to have the stock represented by the certificates transferred on the books of the company to its name. The transfer has never been made. In November, 1883, while appellee was holder of the certificates and power of attorney Klein failed and made an assignment for the benefit of his creditors. Many of his creditors sued out attachments. Among them was the appellant, who levied her attachment on all and any stock Klein might own in the Vicksburg Gas Company, the books of the company showing stock in Klein's name. Appellee applied to the proper officers of the gas company to have the stock transferred to its name and new certifi-

cates therefor issued them.  This was refused.  Thereupon appellee, whose debt was due and unpaid, filed a bill in the chancery court setting up the above facts and asking a decree compelling the gas company to make a transfer of the stock on its books and issue new certificates to them, and for an injunction restraining appellant from asserting any claim thereto and declaring appellee the owner thereof.

This bill was resisted upon the ground chiefly that by the charter of the gas company all transfers of stock were required to be made upon the books of the company, which not having been done in this instance, the attempted transfer to appellee was invalid and the stock was subject to attachment.  The Chancellor decreed in accordance with the prayer of the bill, from which decree this appeal is taken.

*Miller, Smith & Hirsh,* for the appellant.

1. The decisions of the different courts in which this question has been raised have not been uniform, but we think the great weight of authority is in favor of sustaining the right of the attaching creditor to subject the stock to the payment of his debt.  We will now collate the cases bearing on this point.  In *Fisher* v. *Essex Bank,* 3 Gray 373 ; *Sabin* v. *Bank of Woodstock,* 21 Vt. 353 ; *Oxford Turnpike Co.* v. *Bunnel,* 6 Conn. 552 ; *People's Bank* v. *Gridley,* 9 Cent. Law Jour. 249.  The following cases are also referred to as sustaining the doctrine.  *Williams* v. *Mechanics' Bank,* 5 Blatchford Cir. Ct. Rep. 59 ; *Naglee* v. *Pacific Co.,* 20 Cal. 529 ; *Weston* v. *Bear River Co.,* 5 Cal. 186 ; *Dutton* v. *Bank,* 13 Conn. 496 ; *Shipman* v. *Ins. Co.,* 29 Conn. 253.

2. Appellee neglected to perfect its title as to the world.  It allowed Klein to hold himself out as the owner of this stock, to vote it, and draw dividends upon it.  In other words, after a transfer of personal property, it allowed Klein to retain possession of it.  *On June 5,* 1880, Klein transferred to complainant one hundred and twenty-three shares of the stock in controversy, and April 28, 1882, the balance was transferred, so that the complainant was grossly negligent in perfecting its title and rights by leaving Klein to hold himself out to the world for such a length of time as the *bona fide* owner of this stock.  42 N. H. 455.

| Conclusion of the briefs. | Commencement of the opinion. |
|---|---|

*Buck & Clark,* for the appellee.

The courts which have held that shares in an incorporated company which have been *bona fide* pledged by the holder are subject to attachment by creditors of the holders, so as to defeat the rights of the pledgee, have fallen into the error of giving to the provision in the charters of said companies that "the stock shall be transferable only on the books of the company," the effect of the general registration law. The general adoption of this view would be contrary to all reason as well as common understanding. The better opinion, as well as the decided weight of authority, is against it, and millions of dollars are pledged in the thoroughfares of business every day in ignorance that the question has ever been raised. The provision referred to, which is found in the charters of most companies, is not for the benefit of the public or of creditors, but of the company alone, to enable it to manage its internal affairs with intelligence and safety. It is the means by which the company is enabled to know with certainty who are its shareholders, entitled to vote and to receive dividends, and is relieved from the necessity of sitting in judgment at its own peril upon the rights of conflicting claimants. Citing Morawetz on Corp., §§ 323, 326, 330; Colebrooke on Col. Sec., §§ 273–275; Drake on Att., §§ 223–245; Drake on Att., §§ 527, 528; Dos Passos on Stocks, 624; *Cherry* v. *Frost,* 21 Am. L. Reg. 57 (with notes); *Bank* v. *Lanier,* 11 Wall. 369; *Dickinson* v. *Cent. Nat. Bank,* 129 Mass. 279; S. C. (with notes), 37 Am. Rep. 357; *Ross* v. *S. W. R. R. Co.,* 53 Ga. 514. A decision of Judge Lowell, reviewing all the authorities, 7 Fed. Rep. 369; 3 How. (U. S.) 483; 2 Cowen 771.

CAMPBELL, C. J., delivered the opinion of the court.

The right of the appellee to the shares of stock, which are the subject of this controversy, is paramount to the claim of the attaching creditor. The provision of the charter of the company that "all stock shall be transferable only on the books of the company," has reference only to the mode by which one may be substituted for another as a stockholder with respect to the company. It does not affect a transfer of shares as between the assignor and assignee or

an attaching creditor.    The transfer of the certificates entitled the holder under the transfer to have the required transfer made on the books of the company, and the attaching creditor acquired nothing as against the appellee, who, notwithstanding the attachment, is entitled to have the transfer made on the books of the company. The decided preponderance of authority is in support of this view and it is sustained by reason.    The contrary view is based on the erroneous assumption that the charter provision above quoted is a registry law for the protection of creditors and purchasers, when in truth it has not a single feature of resemblance to such law.  It has no relation to purchasers or creditors, but pertains only to the relation between shareholders and the company.    Dos Passos on Stock Brokers, etc., 625, and cases cited ; ·Colebrooke on Collateral Securities, § 293 *et seq. ;* Morawetz Private Corporations, § 325 *et seq. ;* 14 American Decisions 530, note and cases cited ; *Cornick* v. *Richards,* 3 Lea (66 Tenn.) 1.

*Decree affirmed.*